**Paul C. McMILLAN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 13449.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 10, 1984.

Michael Radosevich, Jefferson City, for movant-appellant.

John D. Ashcroft, Atty. Gen., Deborah Neff, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Paul C. McMillan was jury-convicted of two counts of first degree robbery and sentenced to consecutive terms of 20 years' imprisonment, under the provisions of the Second Offender Act in effect at the time. The convictions were upheld on appeal. *State v. McMillan*, 593 S.W.2d 629 (Mo. App.1980).

McMillan then filed a Rule 27.26[1] motion, seeking to vacate his sentences which, after being amended by appointed counsel, alleged that McMillan's trial counsel was ineffective because the lawyer 1) did not advise McMillan that he did not have to testify in his own defense, or, that if he did testify, the state could impeach him by bringing out his prior criminal record, 2) did not discover that one of the prior convictions used by the state to impeach McMillan had been expunged from federal court records and was, therefore, inadmissible, and 3) failed to file a motion to sever the two robbery counts, which alleged robberies occurred approximately two weeks apart.

An evidentiary hearing was held, after which the trial court made findings of fact and conclusions of law and entered judgment denying the motion to vacate. This appeal followed.

On appeal, McMillan merely restates the three grounds alleged in his motion to vacate and claims the trial court erred by not finding them to be true.

There were only two witnesses at the evidentiary hearing. McMillan testified that his trial attorney did not tell him he did not have to testify or, that if he did, his prior criminal record could be used to impeach him. He also testified that one of his prior felony convictions, a federal Dyer Act charge, had been expunged. He produced no proof of that allegation, but said that a federal marshall, whose name he did not remember, had told him so. He also testified that he had asked his trial attorney to sever his robbery charges for trial, but that his attorney failed to do so. On cross-examination, McMillan admitted that three prior felony convictions, in addition to the Dyer Act charge, were used by the state to impeach him during his robbery trial.

McMillan's trial counsel, used as a witness by the state, testified that he and McMillan had discussed "a lot" whether McMillan should testify, in view of his past criminal record. He said it was determined, at the insistence of McMillan, that he should testify since McMillan was an essential witness to his alibi defense raised on both robbery charges. He also said that the state did not file its amended information which alleged prior convictions, as required to permit the trial judge to set the punishment after conviction under the Second Offender Act, until the morning of the first day of trial and, as a result, he had no time to check the file on the Dyer Act charge.[2]

As to the motion to sever, the trial attorney said that his decision not to ask for severance was trial strategy, as he felt that they had a strong defense on one charge, as evidence identifying McMillan as the robber was very weak, and that he could argue that since the identification evidence was shaky on the one charge, it must be shaky on the other charge also. He also reasoned that by trying the cases together, there was a better chance of concurrent, rather than consecutive, sentences in the event of guilty verdicts.

In his findings of fact and conclusions of law, the trial judge, who had read the robbery trial transcript, found the testimony of McMillan was not credible, and that trial counsel had sufficiently advised him of the possibility of impeachment by his prior criminal record if he did testify. He also found that even if the Dyer Act conviction had been expunged, McMillan was not prejudiced by being asked about it in front of the jury since McMillan, during cross-examination at trial, admitted other prior felony convictions, including a robbery conviction in California. The trial court concluded that McMillan's trial attorney's decision not to seek to sever the two robbery charges

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

2. During a recess of the 27.26 hearing, McMillan's counsel at that hearing, and his trial counsel, at the direction of the court, checked the records of the Dyer Act conviction in the office of the clerk of the Federal District Court of the Western District of Missouri, and found nothing to indicate any order had ever been made expunging the conviction.

for trial was a question of trial strategy. The trial court further found that trial counsel, throughout his representation of McMillan, exercised that degree of skill and diligence that any reasonably competent attorney would use under the same or similar circumstances.

 Our review is limited to a determination of whether the findings, conclusions and judgment are clearly erroneous. Rule 27.26(j). Our review of the entire record convinces us that they are not. There is substantial evidence in the record to support the trial court's findings, conclusions and judgment. No error of law appears. An extended opinion would have no precedential value.

Judgment affirmed. Rule 84.16(b).

TITUS, P.J., and FLANIGAN, J., concur.